**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WILLIE J. GRIFFIN, JR., | |
| Petitioner, | CIVIL ACTION No. 3:07-CV-2239 |
| v. | (JUDGE CAPUTO) |
| WARDEN MR. EBBERT, | |
| Respondent. | |

## **MEMORANDUM ORDER**

Petitioner filed the above captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, et seq. on December 12, 2007, and after entrance of a thirty (30) day administrative order, paid the filing fee on January 14, 2008. Petitioner, an inmate in federal custody at FCI Allenwood, challenges that sanctions imposed in prison violated his right to procedural due process, resulting in his involuntary transfer and placement in "medium (high)" custody rather than "minimum custody." (*See* Doc. 1.)

Habeas corpus petitions brought under § 2241 are subject to summary dismissal if, to the court entertaining the application, "it appears from the application that the applicant or person detained is not entitled" to habeas relief. 28 U.S.C. § 2243. The purpose of a petition for a writ of habeas corpus is to challenge the fact or duration of confinement or to seek more speedy release from confinement, not to challenge the conditions of confinement. *Presier v. Rodriguez*, 411 U.S. 475, 499-500 & n.14 (1973); *see also Mpala v. Smith*, No. 3:CV-06-841, 2007 WL 136750, at *1 (M.D. Pa. Jan. 16, 2007). Petitioner's claim regarding the "level of security" in which he is held challenges the conditions of his confinement, not the fact or duration of it. *Martinez v. Brooks*, No.

Civ. A. 03-1021-AM, 2004 WL 3214416, at *3 (E.D. Va. July 26, 2004).  Likewise, his claim relating to his transfer is also a conditions of confinement claim.  *Lee v. Williamson*, No. 4:CV-07-1117, 2007 WL 2903238, at *2 (M.D. Pa. Sept. 28, 2007); *Gilliam v. Holt*, No. 3:CV-05-2351, 2005 WL 3591805, at *2 (M.D. Pa. Dec. 30, 2005).  The Third Circuit Court of Appeals has stated that "an attack on the conditions of confinement is cognizable in a federal habeas action only in extreme cases."  *Gilliam*, 2005 WL 3591805, at *2 (citing *Ali v. Gibson*, 572 F.2d 971, 975 n.8 (3d Cir. 1978)).  Petitioner, however has not pled any facts that would establish this as an extreme case.  As such, I am unable to grant the requested relief in the context of a habeas petition; the relief Petioner seeks, if appropriate, would be available in the context of a civil rights claim. *See id.*

    NOW this ___12th___ day of February, 2008, it is hereby **ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge