IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIE J. GRIFFIN, JR.,

    Petitioner,

v.

WARDEN MR. EBBERT,

    Respondent.

CIVIL ACTION No. 3:07-CV-2239

(JUDGE CAPUTO)

**MEMORANDUM**

Presently before the Court is Petitioner Willie J. Griffin, Jr.'s Motion for Reconsideration (Doc. 6) of the Court's Memorandum Order of February 12, 2008 (Doc. 5) which denied his petition for writ of habeas corpus (Doc. 1.). The Court has jurisdiction pursuant to 28 U.S.C. § 2241, under which district courts have the power to grant writs of habeas corpus. Because Petitioner has pointed to a clear error of fact, Petitioner's motion for reconsideration will be granted. Because Petitioner has alleged that he was denied good time credit in a disciplinary hearing but did not receive a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action, the Court will issue an order directing Respondent to show cause why the writ should not be granted.

**BACKGROUND**

Petitioner, an inmate in federal custody at FCI Allenwood, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, et seq. The Court's February 12, 2008 Memorandum Order concluded that Petitioner's claims challenged the conditions of his

confinement, specifically his transfer and level of security, rather than the fact or duration of his confinement, and that he pled no facts suggesting the conditions were so extreme as to render his claim cognizable in a habeas petition. (Mem. Order, Doc. 5.) For these reasons, I summarily dismissed his Petition pursuant to 28 U.S.C. § 2243, which permits summary dismissal where "it appears from the application that the applicant or person detained is not entitled" to habeas relief. I noted that the relief Petitioner seeks, if appropriate, would be available in the context of a civil rights claim instead of a habeas claim. (*Id.*) Petitioner now moves to reconsider this denial. (Doc. 5.)

## LEGAL STANDARD

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within ten days of entry. FED. R. CIV. P. 59(e). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the

Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, Civ. A. No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

**DISCUSSION**

While actions relating to transfers or a prisoner's level of security may not be brought in a habeas action because they concern the conditions of confinement rather than the fact or duration of it, "an action for restoration of good-time credits in effect demands immediate release or a shorter period of detention" and "attacks the very duration of ... physical confinement." *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (internal quotation marks omitted). As such, an action for restoration of good-time credits "lies at the core of habeas corpus." *Id.* (internal quotation marks omitted).

In his initial Petition, Mr. Griffin argued that his hearing before a disciplinary hearing officer (DHO) was conducted in violation of his due process rights under the Fifth Amendment, complained of his involuntary transfer which followed the DHO hearing, and argued that because of the DHO hearing's alleged deficiencies, "the sanctions should have been overturned and the 'discretionary management variable should be lifted, because I have only 6 points, which is minimum custody, not medium (high)." (Doc. 1.)

3

His Petition did not further detail the sanctions he received.  (*See id.*)  Notably, it did not allege, as he does in his motion for reconsideration, that those sanctions included "40 days loss of vested good time credit in addition to 40 days loss of non-vested good time credits."  (*See* Supplement, Doc. 8, at 3; *see also* Doc. 6, at 1.)  But, further review of the initial Petition reveals that Petitioner's administrative appeal of the DHO incident report, which he attached to the initial Petition, does include a statement that he received "80 days loss of good time" as a result of the hearing.  (*See* Northeast Regional Appeal, Doc. 1, at 13.)  It is now clear that the loss of good time credits was not a claim Petitioner intended to abandon after his administrative appeal but rather one of "the sanctions" that his Petition for Writ of Habeas Corpus sought to overturn.  (*See* Doc. 1.)  For this reason, Petitioner's Motion for Reconsideration will be taken as arguing that the Court made a "clear error of fact" and will be granted.

Turning to the merits of his Petition, the substance of Mr. Griffin's due process argument is that BOP committed a "procedural default" in the DHO hearing for three (3) reasons.  (Doc. 1)  First, the hearing was not held in a timely manner, in accordance with policy, as the B.O.P. did not have the hearing "within the maximum of five days without an approved extension of time after the disciplinary report was reinstated by the B.O.P. after review by the FBI."  (*Id.*)  Second, "the DHO stated that the warden and a counselor filed a memorandum against me, which violated my right to an impartial hearing."  (*Id.*)  And third, the "Dix unit team has never served me with a DHO report in order for me to file an appeal ... and the new institution [to which Petitioner was transferred after his hearing] has no record of the incident report and cannot confirm its existence because

the old institution never put it into my B.O.P. central file." This is a violation of B.O.P. policy, Petitioner argues, because "the DHO report is supposed to be given to me within 10 days of the hearing, which was 30 January 2007, and I was in the SHU from December 6, 2006 until my transfer Feb. 15, 2007; therefore, I was supposed to be served unless there was some extraordinary reason such as shortness of staff or emergency." (*Id.*)

In habeas cases, "procedural default" is a defense that the Government may offer. A petitioner has procedurally defaulted on his habeas claim if he failed to exhaust his administrative remedies. *E.g.*, *David v. DeRosa*, 176 Fed. Appx. 258, 259 (3d Cir. 2006); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Petitioner uses "procedural default" to describe the B.O.P.'s alleged failure to comply with its own procedures. But, a "prison's failure to follow its own procedures will not result in a due process violation as long as the inmate is provided with the process he is due under *Wolff v. McDonnell*." *Macia v. Williamson*, 219 Fed. Appx. 229, 233 (3d Cir. 2007) (holding that commencing prison disciplinary proceedings for petitioner's escape prior to his criminal prosecution for the escape, even if it violated B.O.P. policies, did not violate the petitioner's constitutional rights) (citing *Wolff v. McDonnell*, 418 U.S. 539 (1974)).

*Wolff* held that when a state creates a right to good time credits of which prisoners can be deprived only for major misconduct, the prisoner's interest in those credits "is sufficiently embraced within Fourteenth Amendment 'liberty' to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated." *Wolff,*

5

418 U.S. at 557. The *Wolff* Court identified those minimum procedural protections as "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Macia*, 219 Fed. Appx. at 233 (quoting *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985)). Furthermore, "revocation of good time does not comport with the minimum requirements of procedural due process unless the prison disciplinary boards are supported by some evidence in the record." *Superintendent, Mass. Corr. Inst.*, 472 U.S. at 454.

The *Wolff* Court included a written statement of evidence and reasons among these minimum procedural protections in large part because of the importance of such a record in review of the disciplinary hearing, whether that review is an administrative appeal or another form. *Wolff*, 418 U.S. at 564-65; *see also Murphy v. Fenton*, 464 F. Supp. 53, 58 & n.7 (M.D. Pa. 1978) (concluding that procedures required by *Wolff* were not met because plaintiff, who was given a written statement prior to his placement in segregation, was not given a written statement of evidence and reasons after the hearing; stating that plaintiff needed such a statement "so that he can adequately prepare an appeal"). Petitioner alleged in his Petition that he never received the written statement, and he stated in his administrative appeal that he was filing it, seven (7) months after his disciplinary hearing, without the benefit of ever having received the written statement. (Doc. 1.) These allegations implicate Petitioner's right to due process.

**CONCLUSION**

Because Petitioner has pointed to a clear error of fact, his motion for reconsideration will be granted.  Because Petitioner has alleged that he was denied good time credit in a disciplinary hearing but did not receive a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action, it does not "appear[] from the application that the applicant or person detained is not entitled" to a writ of habeas corpus.  *See* 28 U.S.C. § 2243.  Therefore, in accordance with § 2243, I will issue an order directing the Respondent to show cause why the writ should not be granted."

An appropriate order follows.


May 9, 2008                                    /s/ A. Richard Caputo
Date                                           A. Richard Caputo
                                               United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIE J. GRIFFIN, JR., | |
| Petitioner | CIVIL ACTION NO. 3:07-CV-2239 |
| v. | (JUDGE CAPUTO) |
| WARDEN MR. EBBERT | |
| Respondent | |

## **ORDER**

Now, this  9th  day of May, 2008, it is **HEREBY ORDERED** that:

(1)  Petitioner's Motion for Reconsideration (Doc. 6) is **GRANTED**.

(2)  Respondent will show cause by May 16, 2008 why Petitioner's petition for writ of habeas corpus should not be granted.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge