IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIE J. GRIFFIN, JR.,

    Petitioner,

v.

WARDEN MR. EBBERT,

    Respondent.

CIVIL ACTION No. 3:07-CV-2239

(JUDGE CAPUTO)

## MEMORANDUM ORDER

Petitioner filed the above captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, *et seq.,* on December 12, 2007, and after entrance of a thirty (30) day administrative order, paid the filing fee on January 14, 2008. On February 12, 2008, this Court issued a Memorandum Order summarily denying the petition. (Doc. 5.) Petitioner filed a motion for reconsideration, and on May 9, 2008 the Court granted this motion and directed Respondent to show cause by May 16, 2008 why the petition should not be granted. On June 14, Petitioner requested that, in light of the Court's direction for Respondent to show cause, the Court treat his petition for writ of habeas corpus as a motion for summary judgment. (Doc. 11.) On July 18, 2008, noting that Respondent had not received service of the Court's prior Order to Show Cause, the Court granted a ten (10) day extension and directed Respondent to show cause by July 28, 2008. On July 23, 2008, Respondent sought an enlargement of time in which to respond. The Court granted this motion on July 24, 2008 and instructed the Respondent to file his response on or before August 18, 2008. Respondent's response to the petition was received by the Court on August 18, 2008, and Petitioner's traverse reply was filed on September 2, 2008.

Petitioner has been incarcerated at the Federal Correctional Institution in Sandstone, Minnesota ("FCI-Sandstone") since June 4, 2008. Before being transferred to FCI-Sandstone, and at the time this petition was filed, Petitioner was incarcerated at the Allenwood Federal Correctional Institution in White Deer, Pennsylvania ("FCI-Allenwood"). Prior to being transferred to FCI-Allenwood, Petitioner was incarcerated at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI-Fort Dix").

Petitioner raises claims that he was denied procedural due process during a disciplinary action brought against him during his incarceration at FCI-Fort Dix. The outcome of this disciplinary action resulted in the Petitioner's involuntary transfer and placement in "medium (high)" custody rather than "minimum custody" and resulted in the forfeiture of Good Conduct Time toward his federal sentence. (*See* Doc. 1.)

Petitioner's specific allegations state that his hearing before the Unit Discipline Committee ("UDC") was improper because the UDC did not ask for an enlargement of time to conduct the hearing after completing an investigation of an incident where Petitioner was accused of violating Bureau of Prisons Disciplinary Code 108 after officers allegedly found a cellular telephone and smartchip in Petitioner's mattress. (*Id.* at 3.) Petitioner further claims to have been denied process because, after a Discipline Hearing Officer ("DHO") conducted this hearing, Petitioner did not receive a copy of the DHO report before he was transferred to FCI-Allenwood. (*Id.*) Petitioner further alleges that the DHO report was not in his BOP records at the time he was transferred, thus causing him to be unable to properly appeal the DHO decision. (*Id.*) Furthermore, Petitioner states that documents authored by

2

the wardens and prison counselors prevented him from receiving an impartial hearing.  (*Id.* at 4.)

Respondent argues that the current case should be transferred to the United States District Court for the District of Minnesota because Petitioner is currently confined in Minnesota and 28 U.S.C. § 2241 requires that a habeas corpus petition be brought in the district court in the place where the petitioner is confined.  Petitioner, in contrast, argues that the petition should not be transferred, noting that he was confined within the Middle District of Pennsylvania at the time his petition was filed, that this Court is already familiar with the facts of the case, and that the litigation process surrounding the claim has already significantly advanced.

"The federal habeas corpus statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].  28 U.S.C. § 2242, *see also* § 2243 . . ..  '[T]hese provisions contemplate a proceeding against some person who has the *immediate* custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary."  *Rumsfeld v. Padilla*, 542, U.S. 426, 434-435 (2004) (emphasis in original) (citations omitted).  "[I]n habeas challenges to present physical confinement . . . the proper respondent is the warden of the facility where the prisoner is being held, not . . . some other remote supervisory official."  *Id*. at 435 (citations omitted).

In the current case, Respondent Ebbert, the warden at FCI-Allenwood, is not in immediate custody of Petitioner, and thus, does not have the power to produce the Petitioner before this Court, a power held by the warden of FCI-Sandstone.  FCI-Sandstone is located

in Minnesota, and since this Court lacks jurisdiction to grant a writ of habeas corpus outside the Middle District of Pennsylvania, this action will be dismissed without prejudice.

For this reason, NOW this   30th   day of January, 2009, it is hereby **ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) and Motion for Summary Judgement (Doc. 11) are **DENIED** and this action is **DISMISSED** without prejudice.

                                  /s/ A. Richard Caputo
                                  A. Richard Caputo
                                  United States District Judge